NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30660
27-JAN-2011
11:49 AM

NO. 30660

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KELLY R. IOANE, Plaintiff-Appellee,

v.

ANA GALLARDO, an Individual BRENNON MORIOKA,
Director, State of Hawai'i Department of Transportation
LILLIAN KOLLER, Director, Hawai'i Department of Health and
Human Services MICHAEL O. LEAVITT, Secretary, United States
Department of Health and Human Services, Defendants-Appellants,

and

JOHN DOE 1-10 DOE CORPORATION 1-10 DOE PARTNERSHIP 1-10, et al.,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-12649)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record for this case, it appears
that we lack jurisdiction over the appeal that Defendant-
Appellant Brennon Morioka (Appellant Morioka) has asserted from
the following three interlocutory orders(collectively referred to
as "the three interlocutory orders"):

(1)     an August 31, 2009 "ORDER DENYING DEFENDANT STATE OF
        HAWAII'S MOTION FOR ORDER DISMISSING WITH PREJUDICE
        'FIRST CLAIM', [sic] SECOND CLAIM', [sic] THIRD
        CLAIM', [sic] AND FOURTH CLAIM' OF THE COMPLAINT
        AGAINST DEFENDANT STATE OF HAWAII, AND BRENNON

MORIOKA, OR IN THE ALTERNATIVE GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT STATE OF HAWAII, AND BRENNON MORIOKA ON THOSE CLAIMS"[1] (hereinafter referred to as "the August 31, 2009 interlocutory order");

(2) an April 9, 2010 "ORDERS [sic]: (1) DENYING DEFENDANTS' BRENNON MORIOKA'S MOTION FOR RECONSIDERATION OF ORDER DENYING 'DEFENDANT STATE OF HAWAII'S MOTION FOR ORDER DISMISSING WITH PREJUDICE 'FIRST CLAIM', [sic] SECOND CLAIM', [sic] THIRD CLAIM', [sic] AND FOURTH CLAIM' OF THE COMPLAINT AGAINST DEFENDANT STATE OF HAWAII, AND BRENNON MORIOKA, OR IN THE ALTERNATIVE GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT STATE OF HAWAII, [sic] AND BRENNON MORIOKA ON THOSE CLAIMS', [sic] AND (2) GRANTING INTERLOCUTORY APPEAL, FILED DECEMBER 17, 2009"[2] (hereinafter referred to as "the April 9, 2010 interlocutory order"); and

(3) a July 14, 2010 "ORDERS [sic] (1) DENYING DEFENDANT BRENNON MORIOKA'S MOTION FOR RECONSIDERATION OF ORDER DENYING 'DEFENDANT STATE OF HAWAII'S MOTION FOR ORDER DISMISSING WITH PREJUDICE 'FIRST CLAIM', [sic] SECOND CLAIM', [sic] THIRD CLAIM', [sic] AND FOURTH CLAIM' OF THE COMPLAINT AGAINST DEFENDANT STATE OF HAWAII, AND BRENNON MORIOKA, OR IN THE ALTERNATIVE, GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT STATE OF HAWAII, [sic] AND BRENNON MORIOKA ON THOSE CLAIMS', [sic] AND (2) GRANTING INTERLOCUTORY APPEAL, FILED DECEMBER 17, 2009"[3] (hereinafter referred to as "the July 14, 2010 interlocutory order").

As explained below, the circuit court has not yet reduced any of these three interlocutory orders to a separate judgment that resolves at least one claim pursuant to Rule 54(b) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the Supreme Court

---

[1] Entered by the Honorable Victoria S. Marks.

[2] Entered by the Honorable Rhonda A. Nishimura.

[3] Entered by the Honorable Rhonda A. Nishimura.

of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339.

As the titles of the three interlocutory orders indicate, none of the three interlocutory orders actually resolves a claim. Therefore, even if the circuit court intended to reduce the three interlocutory orders to a separate HRCP Rule 54(b)-certified judgment, then the resulting HRCP Rule 54(b)-certified judgment would not be appealable pursuant to HRCP Rule 54(b), because HRCP Rule 54(b) "certification of finality is limited to only those cases where . . . the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party." Elliot Megdal & Assocs. v. Daio USA Corp., 87 Hawai'i 129, 133, 952 P.2d 886, 890 (App. 1998) (citation omitted).

> A final decision for purposes of Rule 54(b) generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. . . . When the plaintiff retains the right to appear and assert additional damages against the defendant . . . the judgment cannot be viewed as final since finality implies that, after entry of judgment, the court will concern itself with nothing other than the mechanics of execution. . . . In other words, the lower court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed. . . . There is no material difference between an order that leaves all damages issues open . . . and an order that leaves one, important damages issue open.

Id. at 135, 952 P.2d at 892 (citations, internal quotation marks and brackets omitted). As we have held previously, where a "circuit court did not fully adjudicate [a plaintiff]'s claim for damages, the circuit court erred in certifying the . . . [j]udgment in favor of [the plaintiff] as final pursuant to HRCP Rule 54(b)." Id.

In the instant case, none of the three interlocutory orders fully adjudicates a claim in this case, and, thus, the circuit court could not certify any of the three interlocutory orders for a final judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b). Instead, the appropriate avenue, if any, for appellate review of the three interlocutory orders would have been certification for an interlocutory appeal pursuant to HRS § 641-1(b) (1993 & Supp. 2009), which authorizes interlocutory appeals to the intermediate court of appeals under the following limited circumstances:

> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree <u>whenever the circuit court may think the same advisable for the speedy termination of litigation before it</u>. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

HRS § 641-1(b) (emphasis added).

In addition, even if any of the three interlocutory orders would have fully adjudicated at least one claim in this case, "an order disposing of a circuit court case is appealable [only] when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawaiʻi 14, 21, 122 P.3d 809, 816 (2005) (citation omitted). Consequently, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawaiʻi 88, 93, 881 P.2d 1234, 1239 (1994). The circuit court has not entered a separate HRCP Rule 54(b)-certified judgment in this case.

On October 6, 2010, the appellate court clerk filed the record on appeal herein, at which time the record on appeal did not contain a separate appealable judgment. Absent an appealable final judgment, this appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Appeal No. 30660 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, January 27, 2011.

Chief Judge

Associate Judge

Associate Judge

-5-